UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

RANDY CHARLESTON,

                Plaintiff,

-against-

NEW YORK STATE FAMILY COURT,

                Defendant.
------------------------------------------------------x

**MEMORANDUM AND ORDER**
10-CV-3816 (KAM)

MATSUMOTO, United States District Judge:

On August 17, 2010, plaintiff, appearing *pro se,* filed this action against the New York State Family Court and requested leave to proceed *in forma pauperis.* (Doc. No. 1, Complaint; Doc. No. 2, *In Forma Pauperis* motion.) Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted, and the action is dismissed for the reasons stated below.

## BACKGROUND

Plaintiff alleges that on or about July 18, 2006, following a Family Court proceeding, his children were removed from their mother's custody due to medical neglect. (Complaint ¶ 1.) Plaintiff further alleges that the children should not have been removed from their mother's custody because the children were simply suffering from eczema, and were not medically neglected. (Id. ¶¶ 2-5.) Plaintiff also alleges that "Judge Ambrosio is currently abusing the power of the courts, trying to terminate plaintiff's parental rights as well as the rights of the natural birth mother, all because plaintiff's two children were suffering from a skin condition eczema." (Id. ¶ 9.) Plaintiff claims that defendant "has been practicing cruel and unusual punishment" and requests, *inter alia,* monetary damages. (Id. ¶¶ 11, 13.)

1

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the court is mindful that because plaintiff is proceeding *pro se,* his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (citations omitted); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). However, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted); see also Grabauskas v. CIA, No. 09-1032-cv, 2010 U.S. App. LEXIS 12531, at *2 (2d Cir. June 18, 2010).

## DISCUSSION

Plaintiff's claims against defendant Family Court, a court that is part of the New York State Unified Court System, must be dismissed because states and their agencies are protected by sovereign immunity as guaranteed by the Eleventh Amendment. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity. Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); see also Gollomp v. Spitzer, 568 F.3d 355, 368 (2d Cir. 2009) (the New York

State Unified Court System is entitled to sovereign immunity as an arm of the State); Thomas v. Bailey, No. 10-CV-0051, 2010 WL 662416, at *1 (E.D.N.Y. Feb. 22, 2010).

Moreover, to the extent that plaintiff seeks to have this court intervene in a state neglect proceeding or make a parental rights or custody determination, this court declines to do so. See Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 13 (2004) ("[I]n general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts."); Ankenbrandt v. Richards, 504 U.S. 689, 704 (1992) (noting that "state courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees,"); see also Phifer v. City of New York, 289 F.3d 49, 57 (2d Cir. 2002) (plaintiff's claims directly attacking family court's decisions regarding custody, neglect, and visitation are barred by the Rooker-Feldman doctrine).

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* relief is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/

_____
KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
August 30, 2010

3